UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADALILI LOPEZ-MORALES,

Petitioner,

v.

WARDEN,

Respondent.

No. 1:26-cv-02416-DAD-SCR (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING MOTION TO DISMISS AS MOOT

(Doc. Nos. 6, 12)

Petitioner Adalili Lopez-Morales is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 13, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's first amended petition for writ of habeas corpus (Doc. No. 9) be granted. (Doc. No. 12.) Specifically, the magistrate judge found that petitioner was previously encountered by immigration authorities, released by those authorities, and was entitled to a pre-deprivation hearing prior to any re-detention. (*Id.* at 5–7.) The magistrate judge recognized that petitioner has previously received habeas corpus relief from the District of Maryland, but found that the order issued by that court had not addressed this underlying due process violation and, accordingly, recommended petitioner's immediate release as a result. (*Id.* at 6–8.) The pending

findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within three (3) days after service. (*Id.* at 8–9.) On July 16, 2026, respondent filed its objections to the pending findings and recommendations. (Doc. No. 13.) Respondent first argues that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b) rather than discretionary detention pursuant to 8 U.S.C. § 1226(a) (*id.* at 1–2), an argument which the magistrate judge correctly rejected in the pending findings and recommendations. (Doc. No. 12 at 4–5.) Respondent next objects to the finding that it violated petitioner's due process rights, relying on the decision in *Barrera-Echavarria v. Rison*, 44 F.3d 1441 (9th Cir. 1995), *superseded by statute as stated in Xi v. I.N.S.*, 298 F.3d 832, 837–38 (9th Cir. 2002), for the proposition that indefinite detention of an "applicant for admission" is not a violation of due process. (Doc. No. 13 at 2–3.) The court has previously rejected that argument for several reasons, including that the Ninth Circuit in *Barrera-Echavarria* explicitly noted that the case before it did not involve indefinite detention and therefore simply did not reach the conclusion that respondent represents it did. *See Rosales v. Warden*, No. 2:26-cv-00666-DAD-EFB (HC), 2026 WL 1724792, at *1 (E.D. Cal. June 15, 2026); *see also Barrera-Echavarria*, 44 F.3d at 1450 ("We note that this case does *not* involve, as Barrera contends, the constitutionality of 'indefinite' or 'permanent' detention with no prospect of release.") (emphasis in original).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons above,

1. The findings and recommendations issued on July 13, 2026 (Doc. No. 12) are ADOPTED IN FULL;
2. Petitioner's first amended petition for writ of habeas corpus (Doc. No. 9) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Adalili Lopez-Morales, A-File No. 213-366-367, from respondent's custody;

/////

b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner unless they provide petitioner with notice and a pre-detention hearing before an immigration judge, at which hearing respondent will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

3. Respondent's motion to dismiss (Doc. No. 6) is DENIED as having been rendered moot by petitioner's filing of the first amended petition (Doc. No. 9);

4. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **July 17, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE